UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**LANDRIA ADAMS,**

    **Plaintiff,**

v.                                                      Case No: 5:23-cv-441-GAP-PRL

**GENESIS ELDERCARE**
**REHABILITATION SERVICES, LLC,**
**GENESIS HOLDINGS, LLC and**
**GENESIS HEALTHCARE, INC.,**

    **Defendants.**

___

### Order

By Order dated December 18, 2023, the District Judge set a two-day jury trial beginning March 11, 2024, on the narrow issue of whether a valid arbitration agreement exists between the parties. (Doc. 43). Because the Court found disputed issues of fact regarding the formation of the arbitration agreement, the Court granted Plaintiff's motion to conduct limited arbitration-related discovery and directed the parties "to conduct the limited discovery outlined in Plaintiff's motion." Now, discovery disputes have arisen about the proper scope of discovery which have led to the filing of a motion to compel by Plaintiff (Doc. 53) and a motion for protective order by Defendants (Doc. 54). Responses have been filed (Docs. 57, 58) and this matter is ripe for review.

    **I.**     **Legal Standards**

The court has broad discretion in managing pretrial discovery matters and in deciding motions to compel. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011); *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002). Pursuant to

Federal Rule of Civil Procedure 26(b), "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1); *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992) ("Discovery should be tailored to the issues involved in the particular case."). Rule 26(b)(2)(C) requires a court to limit discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive...or [ ] the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Under Fed. R. Civ. P. 26(c)(1), "[a] party or any person from whom discovery is sought may move for a protective order." For good cause, the court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party requesting a protective order "carries the burden of showing good cause and/or the right to be protected." *See Schneider v. Hertz Corp.*, No. 3:05-cv-1298-MCR, 2007 WL 1231834, at *2 (M.D. Fla. Apr. 26, 2007) (citing *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

**II.    Discussion**

The District Judge has set for trial the narrow issue of whether a valid enforceable arbitration agreement exists between the parties. Specifically, he found that Plaintiff raised factual disputes as to whether she accepted the no signature Mutual Arbitration Agreement that was allegedly left on her desk and whether she was fraudulently induced to sign the signature Mutual Arbitration Agreement. (Doc. 43). To that end, the District Judge authorized Plaintiff to engage in "the limited discovery outlined in Plaintiff's motion." In her

motion, Plaintiff represented that her "narrow discovery requests will include interrogatories and document requests which are directed at uncovering:"

(1) Whether and how Plaintiff received and assented to all versions of Defendants' Mutual Arbitration Agreement ("MAA"), including the 2019 and 2020 arbitration provisions;

(2) Whether Plaintiff electronically signed the 2020 MAA;

(3) Whether Plaintiff's electronic signature is on the 2020 MAA;

(4) Any evidence that Plaintiff reviewed or signed the 2020 MAA on Defendants' website;

(5) Defendants' related mutual arbitration agreements and transmittal emails;

(6) Defendants' email and communications related to Plaintiff's refusal and failure to sign the MAAs; and

(7) Any disputes Defendants have initiated against their employees in arbitration.

(Docs. 20-21).

Plaintiff's ultimate discovery requests are much broader in scope than these "narrow discovery" items that focused almost entirely on Plaintiff's experiences with respect to both versions of the Mutual Arbitration Agreement. Indeed, Plaintiff now broadly seeks all communications and documents related to both versions of the Mutual Arbitration Agreement; the employees who received the agreements; communications between Denise Zachary and Defendants about the Mutual Arbitration Agreement; and disputes in which Defendants have moved to compel arbitration under the agreements. Defendants have raised various objections including that the requested discovery—to the extent it seeks information that does not relate or refer to Plaintiff—is not relevant to whether Plaintiff and Defendants entered into an agreement to arbitrate. The Court agrees that Plaintiff has improperly expanded discovery beyond what is needed to inform the narrow issue set for trial.

A.     **Motion to Compel**

In her motion, Plaintiff seeks to compel Defendants to respond to Interrogatories 4-5, 7, 11-14, and Requests for Production 6, 8, 12-13, and 19.

Starting with RFP Nos. 8, 12, and 13, Plaintiff requests documents that refer or relate to the signature Mutual Arbitration Agreement (RFP No. 8), refer or relate to the no signature Mutual Arbitration Agreement (RFP No. 12), and all versions of the no signature Mutual Arbitration Agreement. These requests—which are not limited to Plaintiff—are overly broad and seek information that does not bear upon whether Plaintiff assented to either version of the Mutual Arbitration Agreement. Accordingly, Defendants shall produce all documents responsive to RFP Nos. 8, 12 and 13 that refer or relate to Plaintiff; otherwise, the motion to compel as to these RFPs is denied.[1]

Plaintiff also seeks information in Interrogatories 4-5, 11-14 about whether all employees received and were bound by the arbitration agreements. Plaintiff argues that she is entitled to know the number of employees who did not receive a Mutual Arbitration Agreement, the number of employees who refused or failed to acknowledge or agree to the arbitration agreement, and the number of employees who received a no signature Mutual Arbitration Agreement, and whether any employees were exempted from these requirements. Plaintiff, however, has failed to explain how the experiences of other employees will impact whether she herself entered into an agreement to arbitrate with Defendants. *See e.g., Jackson v. Cintas Corp.*, 425 F.3d 1313, 1317–18 (11th Cir. 2005) (denying Plaintiff's discovery and holding that defendant's employment agreements "with other employees has no bearing on

---

[1] Defendants represent that they have produced all responsive documents that relate to Plaintiff in response to RFP Nos. 12 and 13. See Doc. 57 at 11.

the enforceability of the arbitration agreement with [Plaintiff]"; *Woo Jung Cho v. Cinereach Ltd.*, No. 19CV513 (JGK), 2020 WL 1330655, at *7 (S.D.N.Y. Mar. 23, 2020) (plaintiff's allegations that defendant never compelled four other terminated employees to arbitrate was irrelevant to the formation of, and did not modify, plaintiff's arbitration agreement). Accordingly, the motion is compel is denied as to Interrogatories 4-5, 11-14.

Next, RFP No. 6 broadly seeks communications between Defendants and Denise Zachary about the Mutual Arbitration Agreement. According to Defendants, they have produced all responsive documents related to Plaintiff. (*See* Doc. 57 at 15-16). The Court agrees that information beyond that is not relevant, and thus, the motion to compel as to RFP No. 6 is denied.

Turning to Interrogatory 7 and RFP No. 19, they both seek information related to previous lawsuits in which Defendants have moved to compel arbitration against an employee or former employee. Again, this information has no bearing on whether an arbitration agreement exists between Plaintiff and Defendants. And thus, the motion to compel is denied as to Interrogatory 7 and RFP No. 19.

Finally, Plaintiff seeks to take the depositions of persons whom Defendants identified as witnesses for trial in response to interrogatories—i.e., Gwendolyn Eagen, Jeanmarrie Edwards, Joseph Kelly, Lori Leibnitz, and Meredith Cashwel. Plaintiff represents that Defendants have objected to the depositions as being "outside the scope of the authorized discovery." (Doc. 53 at 3). However, in response, Defendants advise that Plaintiff has misrepresented their position and that there is no need to compel any depositions, because they have agreed to revisit the issue following the resolution of these discovery motions. Given this representation, the motion to compel depositions is due to be denied at this time.

### B.  Motion for Protective Order

Raising many of the same issues, Defendants request entry of a protective order limiting the scope of Plaintiff's Rule 30(b)(6) deposition of Defendants' corporate representative. (Doc. 54). Specifically, Defendant seek protection from Topics 3, 7, 8, 9, 10, 11, 12, 14, 16, 17, 18, 19, and 20 which are identified in the amended deposition notice. (Doc. 54-1).

For the same reasons discussed above, Defendant's 30(b)(6) witness is protected from answering questions related to Topic 3 which seeks information related to disputes in which Defendants have moved to compel arbitration against an employee or former employee. Likewise, Topics 7, 9, 10, 11, 12, broadly seek communication and information related to both versions of the Mutual Arbitration Agreement. The Court agrees that Defendants are excused from producing a corporate representative to testify to these topics for employees other than Plaintiff. Indeed, whether other employees executed a Mutual Arbitration Agreement has no bearing on whether an agreement to arbitrate exists here between the parties. In addition, to the extent these Topics seek communications regarding the creation of the signature Mutual Arbitration Agreement and its display on OnTrack as well as the no signature Mutual Arbitration Agreement (which were created by and implemented at the direction of counsel), Defendants are excused from producing a corporate representative to testify because such communications are protected by attorney-client privilege.

Next, Topic 8 requests information about the computer systems, databases and storage media on which Defendants store email and non-email documents. Defendants have agreed to produce a corporate representative to discuss generally how Defendants electronically store email and other documents relating to the arbitration agreements. Otherwise, the Court agrees

that the Topic is overly broad (both temporally and substantively) and is not relevant to whether the parties entered into an agreement to arbitrate.

Topic 14 seeks information about any addenda, revisions, or modifications to the arbitration agreement, including the reasons and process for making the changes. Defendants object to the extent this Topic seeks information regarding the creation and changes or modifications that were considered or implemented because those discussions are protected by attorney-client privilege. In addition, this topic is not relevant to the narrow trial issue of whether an agreement to arbitrate exists. Accordingly, Defendants are excused from producing a corporate representative to testify regarding Topic 14.

As to Topic 16, Defendants must produce a 30(b)(6) witness to testify about delivery of the no signature Mutual Arbitration Agreement to Plaintiff. However, to the extent the Topic seeks testimony regarding the creation of the no signature Mutual Arbitration Agreement, Defendants are excused from producing a corporate representative because such discussions are irrelevant to the trial issue and are protected by attorney-client privilege.

Likewise, questions about the number of employees employed by Defendants, the number of employees who were terminated for refusing to sign a Mutual Arbitration Agreement and those who voluntarily terminated their employment because of their refusal to sign or agree to the Mutual Arbitration Agreement have no bearing on whether an agreement to arbitrate exists between Plaintiff and Defendants. Accordingly, Defendants are excused from producing a corporate representative to testify regarding Topics 17, 18, 19, and 20.

- 8 -

**DONE** and **ORDERED** in Ocala, Florida on February 22, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties