## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**LANDRIA R. ADAMS, individually and
on behalf of all others similarly situated,**

     **Plaintiff,**

**v.**                                   **Case No. 5:23-cv-441-GAP-PRL**

**GENESIS ELDERCARE
REHABILITATION SERVICES, LLC
d/b/a POWERBACK REHABILITATION,
LLC; GENESIS HOLDINGS LLC;
GENESIS HEALTHCARE, INC.,**

     **Defendants.**

_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO TAX COSTS

**COMES NOW**, Plaintiff, Landria Adams ("Plaintiff"), by and through undersigned counsel, hereby submits this Response in Opposition to Defendants' Motion to Tax Costs and Memorandum of Law in Support, and as grounds thereof says:

**I.**     **The Defendants must bear their own costs.**

On or about April 3, 2024, verdict was entered in favor of the Defendants (see Doc. 98), finding that the Plaintiff agreed to two arbitration agreements with the Defendants, and a subsequent Order Compelling Arbitration (see Doc. 99) was

entered.  The two arbitration agreements are identical in terms, and contain the same

following provision:

> 10. FEES AND COSTS: The party that initiates the arbitration will pay
> a filing fee as required by the AAA (not to exceed the lesser of $200.00
> or the court filing fee applicable in the jurisdiction where the arbitration
> will be conducted). Employer will pay all other fees and costs of the
> Arbitrator and/or that are assessed by the AAA. If I am financially
> unable to pay a filing fee, as determined by the AAA or Arbitrator, I
> will be relieved of the obligation to pay the filing fee.
>
> **Each party will pay for its own costs and attorneys' fees**, if any, but
> if any party prevails on a claim which affords the prevailing party
> attorneys' fees, or if there is a written agreement providing for fees, the
> Arbitrator may award reasonable fees to the prevailing party as
> provided by law. (**Emphasis added**).

A copy of the arbitration agreements are attached hereto and incorporated

herein as Plaintiff's composite Exhibit A.

This Court compelled arbitration after the jury found that the Plaintiff agreed

to, and was bound to the terms of the agreements.  The terms of the agreements

require arbitration, which the Defendants desire.  Now though, the Defendants are

attempting to have their proverbial cake and eat it too.  Provision ten of the

agreements clearly outline that each party will pay for its own costs, and yet the

Defendants are asking the Court to ignore this provision, and award costs anyways.

The Defendants cannot pick and choose which provisions of the agreements they

wish to apply.  The agreements have been upheld, and thus the Defendants are not

entitled to costs.

Fed. R. Civ. P. 54(d)(1), provides that "Unless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party" While the rule affords a presumption that costs are to be awarded to a prevailing party, it gives leeway to the court to make the ultimate determination in awarding costs.  See *Chapman v. AI Transport*, 229 F.3d 1012, 1038 (11th Cir. 2000); *Walters v. Roadway Exp., Inc.*, 557 F.2d 521, 526 (5th Cir. 1977).  Here, there is sufficient basis for the Court to deny the Defendants costs.

In support, the Plaintiff would direct this Court to supporting case law.  Where parties have previously contracted that each party is to bear their owns fees and costs, courts will not award costs.  See *Terreno Am.'s Gateway, LLC v. Baselog USA, LLC*, No. 17-21769-CIV, 2018 WL 8264625, at *4 (S.D. Fla. Dec. 17, 2018), report and recommendation adopted, No. 17-21769-CIV, 2019 WL 2105923 (S.D. Fla. Mar. 27, 2019).  In *Terreno*, the court refused to grant the Plaintiff any costs incurred in litigating the matter before a settlement agreement was entered, because the parties explicitly contracted that each party was to bear their own costs; "The same rationale for limiting Terreno's fees applies to rejecting the requested costs: the parties already agreed to bear their own fees *and costs* as part of their settlement, and the fees and costs provision in the settlement agreement is limited to claims involving or arising out of the settlement agreement." *Id*. at *10.

See also, *Natl. Products, Inc. v. High Gear Specialties Inc.*, No. 6:18-CV-543-RBD-DCI, 2021 WL 8201483, at *2 (M.D. Fla. June 24, 2021), in which the Court denied the Plaintiff it's requested costs. In *Natl. Products, Inc.*, the parties entered into a stipulation during settlement negotiations, that upon the execution of an agreement and the entry of a dismissal, each party was to bear its own fees and costs. *Id*. The agreement, however, was never executed, and a bench trial resulted. *Id*. The Court, however, acknowledges, that had the agreement been executed, each party would have had to bear its own costs, further reasoning: "And equity compels awarding zero costs even for expenses incurred before the settlement agreement was reached. Had the settlement agreement settled the entire case, both sides would have born their own costs and fees. (*See* Doc. 60-1, p. 4.) But for NPI's insistence on an interpretation of the settlement agreement that the Court unequivocally rejected, NPI would never have had the opportunity to seek costs. (*See id.*; *see also* Doc. 132.)" *Id.*

Just as in *Natl. Products, Inc.*, and *Terreno*, the clear and unambiguous terms of the arbitration agreements estop the Defendants from recovering costs in this matter. If the Plaintiff must be forced to arbitrate her claims due to the agreements, then the Defendants must be precluded from collecting costs.

## II.     Defendants are not entitled to all of their costs.

Moreover, the costs the Defendants are seeking to be reimbursed for are excessive and unreasonable. *If* the Defendants were entitled to recover their costs at all, which they are not, the Defendants seek costs that they are not entitled to, of which, the Plaintiff will address in itemized fashion.

**A. Deposition of Landria R. Adams**

The Defendants seek $5,539.45 for total expenses in conducting the deposition of the Plaintiff, Landria R. Adams (see Ex. A to Doc. 100), which is exceedingly excessive. Included in this amount is $2,011.00 for videotape services of the deposition. While the Defendants may have expended that amount, not all deposition costs are recoverable. Extraneous costs in obtaining deposition transcripts are not recoverable costs under 28 U.S.C. § 1920(2). See *Muldowney v. MAC Acq., LLC*, No. 09-22489-CIV, 2010 WL 3385388, at *4 (S.D. Fla. July 30, 2010), report and recommendation adopted, No. 09-22489-CIV, 2010 WL 3367914 (S.D. Fla. Aug. 24, 2010). Here, in addition to video costs, the Defendants are seeking to be reimbursed for priority/expedited fees ($804.10), supplemental surcharges for video proceeding ($86.00), rough draft fee ($483.75), witness read & sign services ($25.00), premium litigation package ($95.00), and Veritext virtual primary participants fee ($225.00). All of these are extraneous costs that were merely for the benefit of the Defendants and are not necessary or essential costs.

The Defendants have not demonstrated why it was necessary to obtain the transcript on an expedited basis.   Expedited costs need to be established by a demonstration of conditions or necessity. *Licausi v. Symantec Corp.*, No. 0860544 CIV, 2009 WL 3177566, at *3 (S.D. Fla. Sept. 29, 2009).   Additionally, they have also failed to demonstrate the other costs were necessary in obtaining the transcript of the Plaintiff.   Notably, the charges include a fee for a virtual primary participant, when the deposition was conducted live, in-person, with counsel for all parties present at the deposition.   (Present on behalf of the Defendants was Elizabeth T. Jozsi).

Likewise, the Defendants have failed to show why a video deposition of the Plaintiff was necessary.   While the transcript of the Plaintiff was necessary for trial, the Defendants, markedly, never used the video of the Plaintiff, or even sought to introduce it during pre-trial.   The Defendants must demonstrate why it was necessary to obtain both the transcript of the Plaintiff's deposition, as well as her video.   See *Morrison v. Reichhold Chemicals, Inc.,* 97 F.3d 460, 464 (11th Cir.1996), which requires that the prevailing party must demonstrate the need for a video deposition; "We must decide whether the copies of the videos obtained by Reichhold were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2).   Reichhold has offered no explanation of why it was necessary to obtain a copy of the video tapes for use in the case." See also, *Yellowfin Yachts, Inc. v. Barker Boatworks, LLC*, No.

8:15-CV-990-T-23TGW, 2018 WL 3769953, at *1 (M.D. Fla. Aug. 9, 2018); "Although *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460 (11th Cir. 1996), permits taxing the cost of a videotaped deposition, under *Morrison* recovering the cost of a videotaped deposition requires showing the necessity for a videotape. Barker, who fails to explain cogently the necessity in this action for both a typed copy and a videotaped copy of a deposition, can recover only the cost of a typed deposition."

Thus, the Defendants, *if* they are entitled to costs, may only recover the actual costs necessary to obtain the transcript of the Plaintiff, which are: transcript services ($1,064.25), attendance ($630.00), exhibits ($42.35), logistics & processing ($35.00), and hosting & delivery of encrypted files ($38.00), totaling $1,809.60.

**B. Deposition of Dixie Palesch**

The Defendants seek $3,854.60 for total expenses in conducting the deposition of Dixie Palesch (see Ex. B to Doc. 100), which is again, remarkably exorbitant. Included in this amount is $1,542.00 for videotape services of the deposition. The analysis of costs for the deposition of Dixie Palesch is the same as set forth above for the Plaintiff's deposition. The Defendants have failed to demonstrate why a video deposition of Dixie Palesch was necessary. *Id.* The Defendants never used it at trial, nor did they ever indicate that they would seek to introduce it during pre-trial. It was therefore, an unnecessary expense.

Similarly, the Defendants are seeking to be reimbursed for extraneous expenses that they are not entitled to reimbursed for under 28 U.S.C. § 1920. Specifically, the Defendants are asking to be reimbursed for: priority/expedited fees ($727.60), supplemental surcharges for video proceeding ($54.40), premium litigation package ($95.00), and Veritext virtual primary participants fee ($225.00). Once more, the deposition of Dixie Palesch was conducted live, in-person, with counsel for all parties present. (Present on behalf of the Defendants was Elizabeth T. Jozsi). Consequently, all of these are extraneous costs that were merely for the benefit of the Defendants and are not necessary or essential costs to obtaining the transcript of Dixie Palesch.

Therefore, *if* the Defendants are entitled to costs, they may only recover the actual costs necessary to obtain the transcript of Dixie Palesch, which are: transcript services ($673.20), attendance ($460.00), exhibits ($4.40), logistics & processing ($35.00), and hosting & delivery of encrypted files ($38.00), totaling $1,210.60.

### C. Subpoenas Served on Dixie Palesch

The Defendants have listed three invoices for service of subpoenas on witness, Dixie Palesch (see Ex. E, G, and H, to Doc. 100). While the service fee does not exceed that of the United States Marshal, noticeably, all include rush service fees, which the Defendants are not entitled to. The Defendants failed to offer any explanation or reasoning as to why rush service (including one for same day service)

was necessary.  See *Woods v. Deangelo Marine Exhaust Inc.*, No. 08-81579-CIV, 2010 WL 4116571, at *3 (S.D. Fla. Sept. 27, 2010), <u>report and recommendation adopted,</u> No. 08-81579-CIV-HURLEY, 2010 WL 4102939 (S.D. Fla. Oct. 18, 2010), in which the court declined to grant the Plaintiff's costs for rush services: "Neither Plaintiffs' invoices nor Plaintiffs' pleadings contain any explanation as to the need for rush service on any individual." See further, *Suite 225, Inc. v. Stonington Ins. Co.*, No. 12-80409-CIV, 2015 WL 12085838, at *3 (S.D. Fla. Dec. 10, 2015); "Rush fees are not specifically authorized by statute and are not part of the fees charged by the U.S. Marshals. Courts routinely decline to allow prevailing parties to recover rush fees."

Furthermore, the Defendants are seeking to recoup costs of service of a subpoena for Dixie Palesch to testify at trial scheduled for March 11-12, 2024.  This trial date was moved after the Defendants, on the eve of trial, intentionally and improperly withheld responsive documents in violation of the Court's Orders (Doc. 43 and Doc. 60).  The Court then found it necessary to grant new depositions and move the trial to April 2-3, 2024 due to the Defendants actions.  (See Doc. 82; Doc. 85). But for the Defendants bad faith acts, the trial date would not have had to be moved, and the Defendants would not have incurred multiple service of process fees on witness, Dixie Palesch; they would have had just one.  Now, the Defendants wish to recoup reoccurring costs that are the natural consequences of their improper and

unprofessional actions.  By allowing the Defendants to tax costs for multiple service of process for witness, Dixie Palesch, this Court would only be rewarding the Defendants for their bad acts.

Therefore, the Defendants are asking to be reimbursed in service fees of $455.00 (excluding the inclusion of witness fees in Ex. G to Doc. 100), but would only be reasonably entitled to $130.00, if they are entitled to costs at all.

**D. Transcript of Pre-Trial Conference**

Costs that are borne out of mere convenience to a party are not taxable.  In this instance, the Defendants have only generally stated that the pre-trial hearing transcript was necessary because they needed an accurate record for the ruling on their Motion *in Limine* at trial.  This is a general argument, and not one made with specificity.  Whereas, in *Ferguson v. Bombardier Services Corp.*, No. 8:03-CV-1380-T-30, 2007 WL 601921, at *4 (M.D. Fla. Feb. 21, 2007), the court stated: "Movants seeking to tax the cost of pretrial hearing transcripts must show that the pretrial hearings for which transcript costs are sought limited and clarified issues which were to be heard at a lengthy trial and were of a magnitude that a transcript was needed to determine how the trial would proceed."  In contrast, the trial held in this case was a simple contract dispute which lasted a mere two days.  The Defendants fail to demonstrate why a transcript of the pre-trial hearing was a

necessary expense, and not a matter of convenience to the Defendants.  Just because

a cost served to assist the prevailing party, does not necessitate it as a taxable cost.


       **WHEREFORE**, Plaintiff, **LANDRIA R. ADAMS**, prays this Court deny the

Defendants' Motion to Tax Costs, and grant such other and further relief as this

Court may deem proper.


Dated: May 1, 2024               Respectfully Submitted,


                         */s/ Micah Ann Adams*
                         Micah Ann Adams
                         Florida Bar No. 1032030
                         **ADAMS & ADAMS LAW, PLLC**
                         230 Main Street
                         Bushnell, Florida 33513
                         micahadams@felixadams.com
                         parker@felixadams.com
                         Phone: (352) 793-6900
                         Attorneys for Plaintiff


                         **JENNINGS PLLC**
                         Winston S. Hudson
                         Florida Bar No. 1033252
                         PO Box 25972
                         Little Rock, Arkansas 72221
                         Telephone: (601) 270-0197
                         winston@jenningspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that copy hereof was furnished to Elizabeth T. Jozsi, elizabeth.jozsi@ogletree.com; Karen M. Morinelli, karen.morinelli@ogletree.com; and Lara J. Peppard, lara.peppard@ogletreedeakins.com, by service through the CM/ECF system, US Mail, E-mail, or hand delivery on May 1, 2024.

*/s/ Micah Ann Adams*
Micah Ann Adams